UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMON BERLANGA-RODRIGUEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
                          /

File No. 1:15-cv-688

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Movant Ramon Berlanga-Rodriguez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. (ECF No. 1.) For the reasons that follow, the motion will be denied.

**I.**

On March 12, 2013, a grand jury indicted Movant on one count of sexual exploitation of a child, 18 U.S.C. § 2251(a) and (e), and one count of possession of images of a minor engaging in sexually explicit conduct, 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (*United States v. Berlanga-Rodriguez*, No. 1:13-cr-58, Indictment, ECF No. 12.) On May 6, 2013, Movant pled guilty to count one of the indictment, sexual exploitation of a child, while count two of the indictment was dismissed. (Plea Agreement, ECF No. 19.) The presentence report (PSR) stated that "[b]ased on a total offense level of 43 and a criminal history category of II, the guideline for imprisonment [was] life. However, the statutorily authorized maximum

sentence [was] 360 months." (PSR, ECF No. 32, PageID.159.) On September 12, 2013, Movant was sentenced to a within-guideline sentence at the statutory maximum of 360 months' imprisonment and five years of supervised release. (Judgment, ECF No. 37.) The sentence was upheld by the Sixth Circuit after Movant appealed. *United States v. Berlanga-Rodriguez*, 574 F. App'x 660 (6th Cir. 2014).

Movant now moves to vacate his sentence, arguing that his guilty plea was unknowing and involuntary because trial counsel actively misled Movant into believing he "would receive a far lesser sentence than the one authorized by law, and as a result, [Movant] also received ineffective assistance of counsel." (*Berlanga-Rodriguez v. United States*, No. 1:15-cv-688, ECF No. 5, PageID.18.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v.*

*Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). To satisfy the "cause" test, a petitioner must show that "some objective factor external to the defense" kept him from raising the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28

3

U.S.C. § 2255. Section 2255 does not require a full blown evidentiary hearing in every instance. "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

While unclear, Movant appears to allege first that his guilty plea was involuntary and unknowing, and second that his trial counsel was ineffective. Both of these claims arise out of the allegation that Movant's attorney led him to believe that he would receive a sentence lower than 30 years. Movant contends that he "was told [by his attorney] that his guilty plea would subject him to a penalty of 12 to 15 years and likely that it would be the 15 years, the minimum under the statute. That advice caused [Movant] to agree to enter into the plea . . . . He was grossly misadvised about the direct consequences of his guilty plea. This clearly-

4

erroneous advice rendered his guilty plea unknowing and involuntary." (ECF No. 5, PageID.19.) Movant argues that this was ineffective assistance because the "advice was constitutionally deficient. But for the constitutionally defective advice, [Movant] would not have accepted a plea and would have gone to trial." (*Id.* at PageID.21.)

## A. Unknowing and Involuntary Plea

As stated, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *See Massaro*, 538 U.S. at 504; *Bousley*, 523 U.S. at 621-22; *Frady*, 456 U.S. at 167-68. At Movant's plea hearing, the following exchange occurred:

> THE COURT: And above your name it says—above your signature it says that you—it attests that you've carefully read this agreement and carefully discussed every part of it with your attorney and that you understand the terms of this agreement and you voluntarily agree to the terms. Is that correct?
>
> DEFENDANT BERLANGA-RODRIGUEZ: Yes, Your Honor.

(*United States v. Berlanga-Rodriguez*, 1:13-cr-58, Plea Hr'g Tr. 4, ECF No. 39.) On appeal, Movant did not argue that his plea was unknowing and involuntary, but rather that "his sentence is substantively unreasonable because the district court ignored his request for a variance and information raised in his sentencing memorandum, resulting in a sentence that is longer than necessary to meet the goals of 18 U.S.C. § 3553(a)." *United States v. Berlanga-Rodriguez*, 574 F. App'x 660, 660 (6th Cir. 2014); *see also United States v. Berlanga-Rodriguez*, R. 22. Movant has not shown "cause" and "actual prejudice," or argued

5

"actual innocence." Accordingly, Movant has procedurally defaulted on his claim that his plea was unknowing and involuntary.

Regardless, even if Movant had not defaulted on this claim, for the reasons stated in the next section, the Court finds that Movant's plea was in fact knowing and voluntary.

## B. Ineffective Assistance of Counsel

Movant next argues that his counsel's advice that Movant's sentence would likely be 15 years, rather than the 30-year sentence Movant actually received, constitutes ineffective assistance of counsel. To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* To establish prejudice, Movant must show a reasonable probability that counsel's errors affected the outcome of the proceeding. *Id.* at 696.

Movant has failed to show that his counsel's representation fell below an objective standard of reasonableness, because the evidence indicates that counsel did not inform Movant that his sentence would likely be 15 years rather than the 30-year sentence Movant actually received. Thus, Movant's argument that counsel's advice was constitutionally deficient and led to an unknowing and involuntary plea has no merit.

Movant's trial counsel submitted an affidavit to this Court stating, "[a]t no time did I tell [Movant] that he would receive the mandatory minimum sentence of 15 years. I did tell [Movant] that I would ask the Court to sentence him to the mandatory minimum sentence of 15 years, but I never told [Movant] what sentence he would receive." (Kaczor Aff. 2, ECF No. 10.) Counsel clarified both that he "never told [Movant] that he would receive the mandatory minimum of 15 years" and that he "never told [Movant] that his 'guidelines' sentence was between 12 and 15 years." (*Id.* at 4.) Further, under penalty of perjury, the following exchange occurred at Movant's plea hearing:

> THE COURT: Has anyone made any promises of leniency or prediction as to what the sentence would be other than that which I have just advised you concerning the minimum and maximum penalties?
>
> DEFENDANT BERLANGA RODRIGUEZ: *No, Your Honor.*
>
> THE COURT: Is your plea undertaken here freely and voluntarily this morning?
>
> DEFENDANT BERLANGA-RODRIGUEZ: Yes, Your Honor.

(Plea Hr'g Tr. 8, ECF No. 39) (emphasis added). Movant's counsel also attached several

documents to his affidavit, showing that counsel informed Movant the guideline range was 360 months. (ECF Nos. 10-1, 10-2, 10-3, 10-4, 10-5.)

Because the evidence shows that Movant's counsel did not inform Movant that his sentence would likely be 15 years, Movant's claim that counsel's advice was constitutionally deficient is meritless, as is Movant's claim that this advice caused Movant to enter an unknowing and involuntary guilty plea.

**IV.**

For the reasons stated, Movant's motion to vacate, set aside, or correct the sentence imposed upon him will be denied. Further, because Movant's allegations "cannot be accepted as true because they are contradicted by the record," no evidentiary hearing is required. *See Valentine*, 488 F.3d at 333.

A judgment will enter consistent with this Opinion.


Date:  December 31, 2015 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE